IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID EDGAR WONNACOTT,

        Plaintiff,

v.

OREGON DEPT. OF CORRECTIONS, et al.,

        Defendants.

Case No. 2:17-cv-02007-JR

**ORDER**

RUSSO, Magistrate Judge:

Plaintiff, an inmate at Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are plaintiff's Motion for Appointment of Counsel (ECF No. 24) and Motion for Continuance (ECF No. 25).

## DISCUSSION

### I. Motion for Appointment of Counsel

Plaintiff moves for the appointment of counsel on the basis that he is having difficulty obtaining the names of the doe defendants from Oregon Department of Corrections' (ODOC) officials.

Generally, a person has no constitutional right to counsel in a civil action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court may request volunteer counsel for indigent plaintiffs upon a showing of exceptional circumstances. Palmer, 560 F.3d at 970; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

In order to determine whether exceptional circumstances exist, this Court evaluates the plaintiff's likelihood of success on the merits, as well as his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970; Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004); Wood, 900 F.2d at 1335. However, neither factor is dispositive, and both must be viewed together before reaching a decision on the request for counsel. Palmer, 560 F.3d at 970; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

At this stage of the proceeding, plaintiff has failed to demonstrate that he is likely to succeed on the merits. Moreover, plaintiff has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case. Accordingly, there are no exceptional circumstances warranting the appointment of counsel under § 1915(e).

## II. Motion for Continuance

Plaintiff moves the Court for a continuance on the basis that he has been unable to obtain the identity of the doe defendants who are ODOC employees. Counsel for defendant Lamia Moore, the only defendant identified by name in plaintiff's Third Amended Complaint (ECF No. 16), responds to plaintiff's motion as follows:

> Defendant does not object to any continuance the Court, in its discretion, deems appropriate. However, Defendant proposes a possibly more-efficient approach: Defendant Cpl. Moore will file an Answer soon. In the interim, Plaintiff can immediately serve interrogatories upon Defendant, and undersigned counsel will produce any available responsive information. To the extent that the persons

> identified are State of Oregon employees acting within the course and scope of their duties, those Defendants will be represented by undersigned counsel. The Court may wish to deem – and Defendant(s) do not object to the Court doing so – that those putative defendants were named by Plaintiff *nunc pro tunc* to the date of filing of his original Complaint (Dkt. #2).

Deft's Resp. (ECF No. 28) at 1-2.

This Court agrees that a discovery request is the most reasonable avenue for plaintiff to determine the identity of the doe defendants. Accordingly, this Court DENIES plaintiff's Motion for Continuance. In the event plaintiff identifies the doe defendants through discovery and moves to file a Fourth Amended Complaint to add their names, plaintiff may move to have those defendants added *nunc pro tunc* to the filing date of plaintiff's original Complaint.

## **CONCLUSION**

Based on the foregoing, this Court DENIES plaintiff's Motions for the Appointment of Counsel and for a Continuance (ECF Nos. 24 and 25).

IT IS SO ORDERED.

DATED this 14th day of January, 2019.

_____
JOLIE A. RUSSO
United States Magistrate Judge